Argued August 21, affirmed September 23, reconsideration denied October 30, petition for review denied December 17, 1974

JOHN LEE SMITH, *Petitioner, v.* OREGON STATE PENITENTIARY (No. 3246, 02-74-043), *Respondent.*

526 P2d 642

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

SCHWAB, C. J.

All but one of the issues raised in this prison discipline case have been resolved in *Wolff v. McDonnell,* 418 US 539, 94 S Ct 2963, 41 L Ed 2d 935 (1974); *Bonney v. OSP,* 16 Or App 509, 519 P2d 383, Sup Ct *review allowed* (1974); and *Dragoo v. OSP,* 19 Or App 1, 526 P2d 637 (1974). The one unique issue involves the authority of the prison disciplinary committee to recess hearings.

On February 12, 1974 petitioner was charged with violating a prison rule prohibiting presence in unauthorized areas at a time when a sexual assault of another inmate allegedly occurred. A disciplinary hearing began the morning of February 15, 1974. The hearing was recessed, and not reconvened until March 29, 1974. Having been found guilty as charged at the latter session, petitioner appeals, contending the disciplinary committee lacked authority to recess his hearing from February 15 to March 29.

The genesis of this delay was petitioner's own request. At the outset of the February 15 session, in response to a question, petitioner stated he had received a copy of the misconduct report late the after-

noon of February 14. The committee's presiding officer then stated:

"* * * We ordinarily like to have you have more time after receiving a notice to prepare for your case.

"* * * * *

"* * * [F]irst of all, before we take any information on this * * * I would like your response as to whether you want to start the hearing today or whether you want this matter held in abeyance for a later date."

Petitioner responded: "I want to set it over."

However, the parties now agree that because of a police investigation into matters tangentially connected with petitioner's presence in an unauthorized area, the delay extended beyond the time petitioner would have been allowed to prepare his case. As the committee's written decision explains:

"The Oregon State Police were conducting an investigation into the criminal aspects of this matter. Therefore the case was continued so as to not hinder said investigation. The inmate [petitioner] was contacted, however, on March 1, 1974 and again on March 13, 1974 to keep him apprised of the circumstances of his hearing."

The question presented is whether the disciplinary committee, consistent with the rules governing disciplinary procedures, had the authority to delay reconvening petitioner's hearing under these circumstances. We hold that it did.

Under the prison rules, generally the disciplinary committee must "schedule a hearing * * * no more than 14 days from the filing of" a misconduct report. Rule III (3). However, when an inmate is placed in segregation status prior to the hearing, as

happened to petitioner in this case, the hearing must be scheduled within five days. Rule III (4)(d). In this case, the misconduct report was filed on February 12 and the hearing began on February 15. There was full compliance with the above rules.

Once a hearing has started, the prison rules explicitly recognize only two grounds for a recess or postponement. When the committee determines that an inmate requires assistance by a representative, "the hearing may be postponed for not more than 4 days." Rule IV (3). Also, a hearing can be recessed "to gather additional facts." Rule IV (5)(c).

Since only two grounds to recess a hearing are explicitly recognized in the rules, petitioner argues that the disciplinary committee lacks authority to recess a hearing for any other reason. Presumably, this would mean that if an inmate became seriously ill during the course of a hearing, the committee would be powerless to do otherwise than proceed with the hearing, even if the inmate could not be present.

We decline to join petitioner in such a potentially absurd construction of the procedural rules. We perceive no indication in the rules that the enumeration of two reasons for recessing a disciplinary hearing was intended to prohibit, by silent implication, recessing a hearing for any other reason, however reasonable.

■ It would be virtually impossible for the draftsmen of any set of procedural rules to catalog every conceivable proper basis which might someday arise for recessing proceedings. For this reason, we hold that the disciplinary committee has inherent authority

to recess hearings for good cause and for reasonable lengths of time.

■ We find no basis in the record now before us for concluding that the delay to await the results of a police investigation was other than for good cause. The investigation apparently had the potential of supplying the disciplinary committee with additional information relevant to the disputed issue of whether petitioner was present in an unauthorized area. Nor can we find any basis in the record for concluding that a delay of about six weeks was unreasonable in length. As long as the disciplinary committee considers time an inmate spends in segregation prior to the committee's decision, as it must under Rule V (3), it is difficult to imagine any possible prejudice to an inmate resulting from a delay of this length.

Affirmed.